UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

REMI S.,

              Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

              Defendant.

CASE NO. 2:23-CV-1373-DWC

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of the denial of his applications for Supplemental Security Income (SSI) benefits and Disability Insurance Benefits (DIB). Pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and Local Rule MJR 13, the parties have consented to proceed before the undersigned. After considering the record, the Court concludes that this matter must be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Order.

**I.   BACKGROUND**

Plaintiff applied for SSI and DIB on July 6, 2022. Administrative Record (AR) 17. His amended alleged date of disability onset is June 1, 2022. *Id.* His requested hearing was held

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 1

before an Administrative Law Judge (ALJ) on August 6, 2024. AR 41–62. The ALJ issued a written decision finding Plaintiff not disabled on August 21, 2024. AR 14–35. The Appeals Council declined Plaintiff's timely request for review, making the ALJ's decision the final agency action subject to judicial review. AR 1–6. On July 23, 2025, Plaintiff filed a Complaint in this Court seeking judicial review of the ALJ's decision. Dkt. 5.

## II.   STANDARD

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of benefits if, and only if, the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## III.   DISCUSSION

In his opening brief, Plaintiff contends the ALJ erroneously assessed (1) his subjective symptom testimony, (2) a medical opinion, (3) the Residual Functional Capacity (RFC), and (4) several lay witness statements. Dkt. 9.

**A.   Subjective Testimony**

Plaintiff testified he has periodic panic attacks. *See* AR 51–52. They stem from his seizure disorder—although he has not had a seizure since 2019, his panic attacks result from a fear of recurrence. *Id.* The panic attacks are unpredictable, but can occur every day in a week, and he has not gone a full month without having one. AR 57. They make it difficult to leave his home. AR 56. He takes a seizure medication and sleeps for several hours after having one. AR 52. He also stated that, due to his depression, he has social issues and is prone to anger. AR 54.

Where (as is the case here) the ALJ finds Plaintiff has presented evidence of one or more impairments which could be reasonably expected to cause his alleged symptoms and there is no

affirmative evidence of malingering, the ALJ must give specific, clear, and convincing reasons for discounting Plaintiff's testimony. *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014) (citing *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). In so doing, "[t]he ALJ must state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion." *Smolen*, 80 F.3d at 1284. The Court is "constrained to review the reasons the ALJ asserts." *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003).

The ALJ discounted Plaintiff's testimony because it was purportedly inconsistent with the medical evidence, his course of treatment, and his activities of daily living. *See* AR 26. The Court finds these were not specific, clear, and convincing reasons supported by substantial evidence for rejecting the entirety of Plaintiff's testimony.

First, the ALJ found Plaintiff's testimony inconsistent with the frequency of his seizures, the frequency of his panic attacks reflected in the medical evidence, and several normal mental evaluations. *See id.* "When objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony." *Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022) (emphasis in original). But "an ALJ cannot insist on clear medical evidence to support each part of a claimant's subjective pain testimony." *Id.* (citing *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005)).

The frequency of Plaintiff's seizures has little bearing upon Plaintiff's anxiety from his fears of seizures; one can have anxiety over seizures without experiencing seizures. As for the frequency of Plaintiff's panic attacks, the record is not inconsistent with Plaintiff's testimony. Although few treatment notes suggest a particular frequency with which he had panic attacks, the record corroborates his testimony of having them and it does not suggest he had the attacks less frequently than alleged. *See* AR 416, 1350, 1463. Additionally, one treatment note indicates he

had "multiple panic attacks in a day." AR 1337. Defendant points to a treatment note from July 2022 indicating Plaintiff had only experienced anxiety symptoms for one month prior (Dkt. 11 at 4, citing AR 668), but this is consistent with Plaintiff's June 2022 onset date.

The ALJ also noted Plaintiff exhibited intact cognition, fund of knowledge, and memory on examination. AR 26. Such evidence is reasonably found inconsistent with allegations that Plaintiff had poor reasoning skills or memory issues, but it is not a reason specific to Plaintiff's testimony about his panic attacks.

Second, the ALJ discounted Plaintiff's testimony because his course of treatment was purportedly conservative. *Id.* As the ALJ described it, Plaintiff was treated with medication management, receiving medication for seizures and anxiety, along with counseling sessions. *See id.* The parties disagree over whether such a course of treatment is conservative. *See* Dkt. 9 at 6; Dkt. 11 at 6. Such a question is not considered in the abstract; rather, the relevant inquiry for whether a claimant's treatment was conservative turns not on whether the treatment sought was conservative in the abstract but whether a claimant experiencing the symptoms testified to would be expected to seek further treatment. *See Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989) (conservative treatment appropriate basis to reject testimony because it suggests alleged pain was "not severe enough to motivate [the claimant]" to seek further treatment); SSR 16-3p (ALJ may discount testimony where the "extent of the treatment sought by [the claimant] is not comparable with the degree of the individual's subjective complaints.").

Here, Plaintiff's course of treatment is not inconsistent with his testimony. "[A]ny evaluation of the aggressiveness of a treatment regimen must take into account the condition being treated." *Revels v. Berryhill*, 874 F.3d 648, 667 (9th Cir. 2017). Plaintiff alleges panic attacks due to fears of seizures. The record does not indicate a treatment regimen for such a

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 4

condition beyond psychiatric anxiety medications, seizure medications, and counseling. "A claimant cannot be discredited for failing to pursue non-conservative treatment options where none exist." *Lapeirre-Gutt v. Astrue*, 382 F. App'x 662, 664 (9th Cir. 2010) (unpublished opinion).

Finally, the ALJ noted Plaintiff was able to shop, do chores, and groom himself. AR 26. Activities of daily living are a valid reason to discount Plaintiff's testimony if they are either transferrable to a work setting or inconsistent with her alleged symptoms. *See Orn v. Astrue*, 495, F.3d 623, 639 (9th Cir. 2007). The cited activities are not necessarily inconsistent with Plaintiff's allegations of isolated panic attacks. Plaintiff could both have panic attacks while doing chores, shopping, and grooming himself when he did not have such attacks. *See Ferguson v. O'Malley*, 95 F.4th 1194, 1203 (9th Cir. 2024) ("[The claimant] can both do nothing when he has severe headaches and engage in his daily activities when he does not."); *Smolen v. Chater*, 80 F.3d 1273, 1284 n.7 (9th Cir. 1996) (Plaintiff need not "be utterly incapacitated to be eligible for benefits.").

In sum, the ALJ failed to provide specific, clear, and convincing reasons for rejecting Plaintiff's testimony about the extent of his panic attacks. Because Defendant does not contend such an error is harmless, the Court reverses. *See Ferguson*, 95 F.4th at 1204.

**B.     Lay Witness Statements**

The ALJ found unpersuasive the lay witness statements of Plaintiff's aunt (AR 332–36), mother (AR 353–57), sister (AR 348–52), father (AR 323–28), brother (AR 342–47), and roommate (AR 337–41). *See* AR 23. The ALJ was required to provide germane reasons for rejecting these statements. *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993). The new regulations did not remove the requirement that an ALJ consider a lay witness statement, and this

requirement is the genesis of the germane reasons standard. *See Rhea L. v. Comm'r of Soc. Sec.*, No. 2:24-CV-870, 2024 WL 5244402, at *4–5 (W.D. Wash. Dec. 30, 2024) (citing *Dodrill*, 12 F.3d at 919; 20 C.F.R. §§ 404.1545(a)(3), 404.1529(a); SSR 96-8p).

The ALJ indicated the statements were unpersuasive because the witnesses were not acceptable medical sources and they have "close, personal proximity to the claimant." AR 24. These were not germane reasons for rejecting the statements. *See Bruce v. Astrue*, 557 F.3d 1113, 1116 (9th Cir. 2009) ("A lay person, Bruce's wife, though not a vocational or medical expert, was not disqualified from rendering an opinion as to how her husband's condition affects his ability to perform basic work activities."); *Diedrich v. Berryhill*, 874 F.3d 634, 640 (9th Cir. 2017) ("personal relationship" with claimant "not a valid reason to discount [lay witness's] observations"). Although such an error may be harmless where it is duplicative of properly-discounted subjective testimony, *see Molina v. Astrue*, 674 F.3d 1104, 1116–22 (9th Cir. 2012), the Court has found the ALJ has not properly addressed Plaintiff's subjective testimony. Accordingly, the ALJ must reassess the lay witness statements on remand.

**C.    Remaining Issues**

Plaintiff also challenges the ALJ's assessment of the medical opinion of Margaret Cunningham, MD. Dkt. 9 at 15–18. In particular, Plaintiff contends the ALJ failed to give proper reasons for rejecting Dr. Cunningham's marked limitations and that the RFC did not adequately capture Dr. Cunningham's moderate limitations. *See id.* Having found reversible error, the Court need not consider this issue. Rather, on remand, the ALJ is directed to reassess the medical evidence, and, if appropriate, reassess her RFC finding and his finding at step five of the sequential evaluation process.

Plaintiff contends the ALJ's RFC assessment was deficient because he failed to adequately explain how the RFC captured his panic attack-related symptoms and failed to explain why he excluded an absenteeism limitation. Dkt. 9 at 9–10. Plaintiff contends this violated Social Security Ruling 96-8p. *Id.* Having found the ALJ erred in assessing the evidence related to his panic attacks, the Court directs the ALJ to reassess the RFC as appropriate based on her assessment of the relevant evidence.

### IV.  CONCLUSION

For the foregoing reasons, the Court **REVERSES** and **REMANDS** the decision pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Order.

Dated this 17th day of December, 2025.

David W. Christel
United States Magistrate Judge